## ESTATE OF GEORGE H. MUMFORD.

No. 6721—Aug. 22, 1877.

WILL.—WIDOW'S SHARE IN ESTATE.—SHE TAKES ONE-HALF OF COMMUNITY PROPERTY AS SURVIVOR, NOT AS HEIR.

"MY ESTATE" MEANS THE ESTATE SUBJECT TO TESTAMENTARY DISPOSITION.

RENUNCIATION.—Where a renunciation is required by the terms of the will, it must clearly appear what is to be renounced. To renounce "all claim to my estate, except under this will," does not cover widow's share of community property.

Construing section, C. C., 1402.

*W. W. Cope,* for the widow.

*Jarboe & Harrison,* for the children.

The widow of testator asked for distribution to herself of one-half of the community property, of the legacies to her under the will, and of her share of the legacies to certain children who have deceased.

In opposition, it is urged that the will compelled her to elect which she would take, either her share of the community property or the legacies named for her in the will, and that she cannot have both.

The language of the will is: "The foregoing bequests to my wife are made upon the condition that she shall renounce all claim against my estate except under this will." The widow has filed a renunciation in the language of the will.

By the COURT: The reasonable construction of the will is, that the widow was not put to a waiver of, nor did she waive, her rights as survivor of the community. *"All claim against my estate."* These words do not embrace her share of the community property ; they embrace that which he owned and could dispose of.

In order to put a legatee to an election, the obligation to elect must follow from direct requirement or from necessary implication. There should be an antagonism in the two rights. If the will had said, "she shall renounce all claim to the property of the community," or words of like import, there would be no room for question; but the words of the will do not by necessary implication require her to forego her right as survivor in order to take as legatee; indeed, the words are consistent with the idea that he knew that she had some claim against him for money or other thing, and that he intended the legacies to be taken in place of asserting such claim.

The widow is entitled to one-half the estate as survivor of the community, to the legacies named for her in the will, and to her share of the legacies named for the children who have deceased.